1  DARRYL C. SHEETZ (Bar No. 098604)
   Law Offices of Darryl C. Sheetz
2  335 Centennial Way, Suite 100
   Tustin, California 92780
3  Telephone: (949) 553-0300
   Facsimile:  (949) 553-0390
4
   Attorney for Plaintiffs
5  ALBERT J. RASCH,
   ALBERT J. RASCH & ASSOCIATES and
6  KATHLEEN NOVINGER
7
8

FILED
2009 JUL 29  PM 2:39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

9         UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

11

| 12 ALBERT J. RASCH, ALBERT J. RASCH & ASSOCIATES, and KATHLEEN NOVINGER, | Case No. CV09-5556 PSG(ANX) |
|---|---|

12  ALBERT J. RASCH, ALBERT J.
    RASCH & ASSOCIATES, and
13  KATHLEEN NOVINGER,

14
                                    Case No. CV09-5556 PSG(ANX)
15          Plaintiffs,
                                    Assigned to:
                                    Judge
            vs.                     Dept.
16
    MOBILE READY ENTERTAINMENT       COMPLAINT FOR:
17  CORP., MICHAEL H. MAGOLNICK
    and CRAIG A. MORA,                1. FRAUD
18                                    2. NEGLIGENT
                                         MISREPRESENTATION
19          Defendants.              3. VIOLATION OF
                                         SECURITIES AND
20                                       EXCHANGE ACT
                                      4. CIVIL CONSPIRACY
21
                                     DEMAND FOR JURY TRIAL
22  Plaintiffs ALBERT J. RASCH, ALBERT RASCH & ASSOCIATES and

23  KATHLEEN NOVINGER, allege as follows:

24

25

26

27

28

                              1

                                                    Complaint

# I.

## STATEMENT OF THE CASE

1.     This is an action by Plaintiffs seeking damages for fraud, negligent misrepresentation, violation of Securities and Exchange Act, and civil conspiracy against Defendants.

# II.

## JURISDICTION AND VENUE

2.     The jurisdiction of this court over the subject matter of this action is predicated on Title 28, United States Code, section 1332(a)(1). The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different States, and involves a question of federal law.

3.     Venue is proper in the Central District of California because a substantial part of the events or omissions on which the claim is based occurred in this district, such as the negotiation, execution, performance and breach of the subject contract. Also, venue is proper in this district because under the Federal Tort claims Act (28 USC §§1346(b), 2671, et seq.) an action may be prosecuted either where the plaintiff resides or where the act or omission occurred. Also, venue is proper in this district because the act and transaction constituting the violation of Securities Exchange Act of 1934 occurred in this district. Finally, when securities law violations by multiple defendants as co-conspirators occur, venue may be upheld as to defendants who otherwise have no contact with the forum district, i.e., acts in the forum district by any

2

Complaint

defendant in furtherance of the conspiracy are treated as acts by all other co-conspirators, thus venue is proper in that district as to all members of the conspiracy.

### III.

### PARTIES

3.   Plaintiff ALBERT J. RASCH is, and at all times herein mentioned was a resident of Orange County, State of California.

4.   Plaintiff ALBERT J. RASCH & ASSOCIATES is, and at all times mentioned herein was, a sole proprietorship, located and doing business in the County of Orange, State of California.

5.   Plaintiff KATHLEEN NOVINGER is, and at all times herein mentioned was a resident of Orange County, State of California.

6.   Plaintiffs are informed and believe that Defendant MOBILE READY ENTERTAINMENT CORP. is, and at all times pertinent to this Complaint, a Delaware corporation located and doing business in the State of Georgia.

7.   Plaintiffs are informed and believe that Defendant MICHAEL H. MAGOLNICK is a resident of the State of Georgia.

8.   Plaintiffs are informed and believe that Defendant CRAIG A. MORA is a resident of the State of Georgia.

3

Complaint

# IV.

## **STATEMENT OF FACTS**

9.      On or about March through November 2007, Plaintiffs ALBERT J. RASCH, ALBERT J. RASCH & ASSOCIATES, and KATHLEEN NOVINGER (hereinafter collectively "Plaintiffs") were retained by Defendants MICHAEL H. MAGOLNICK and CRAIG A. MORA (hereinafter collectively "Defendants") as shareholders to render legal opinions in connection with the removal of the restrictive legends on several transfers of restricted shares of the common stock of MOBILE READY ENTERTAINMENT CORP. (hereinafter "MOBILE READY") owned by Defendant MICHAEL H. MAGOLNICK (hereinafter "MAGOLNICK") and Defendant CRAIG A. MORA (hereinafter "MORA") pursuant to Rule 144 promulgated under the Securities Act of 1933, as amended (hereinafter "Rule 144").

10.      In order to provide their legal opinions, Plaintiffs relied upon Defendants, and each of them, to provide them with true, correct, and complete information.

11.      Defendants, and each of them, informed Plaintiffs that MOBILE READY was in compliance with all respects of the adequate public information requirement of Rule 144 and Rule 15c2-11 promulgated under the Securities and Exchange Act of 1934, as amended (hereinafter "Rule 15c2-11").

12.      As further support of Defendants representation that the corporation, MOBILE READY, was in compliance with the adequate public information requirements, on or about April 4, 2007, Plaintiffs were provided with an Unanimous

4

Complaint

1  Consent of the Board of Directors of Mobile Ready Entertainment Corp. (hereinafter

2  referred to as "Unanimous Consent"). (A true and correct copy of the Unanimous

3

4  Consent is attached hereto as Exhibit "A".) The Unanimous Consent provided in part:

5          "**WHEREAS**, the Board of Directors of the Corporation has

6

7          ensured that it is currently in compliance with all aspects of the

8          "adequate public information" requirement of SEC Rule 144

9          and 15C211, and that additional information is to be provided

10         for investors through the company's corporate website."

11

12  The Unanimous Consent was executed by Defendant MAGOLNICK, as Director and

13  by Defendant MORA, as Director.

14

15      13.    Plaintiffs reasonably relied on the Unanimous Consent as additional support

16  provided by Defendants to confirm their legal opinions rendered and to be rendered

17  that the transfer of restricted shares of common stock issued by MOBILE READY

18  satisfied the requirements set forth in Rule 144.

19

20      14.    Unknown to Plaintiffs, the information contained in the Unanimous Consent

21  was in fact false. Defendants, and each of them, intentionally and knowingly provided

22  false information in the Unanimous Consent to Plaintiffs in order to mislead Plaintiffs

23

24  into providing Defendants with legal opinions so that their restricted shares of common

25  stock could be sold under Rule 144.

26

27      15.    As a result of Plaintiffs' reliance upon the false information provided by

28  Defendants in the Unanimous Consent, Plaintiffs have become subject to an

Complaint

investigation and complaint filed by the Securities and Exchange Commission related

to the Rule 144 opinion letters Plaintiffs provided to Defendants' transfer agent.

Plaintiffs have been damaged in an amount to be proven at trial, but in excess

$75,000.00, in defending themselves against the claims made by the Securities and

Exchange Commission related to the opinion letters regarding the sale by Defendants

MAGOLICK and MORA of their restricted shares of common stock of MOBILE

READY.

### FIRST CAUSE OF ACTION

### FRAUD

### (Against All Defendants)

16.    Plaintiffs herein incorporate by reference the allegations contained in

paragraphs 1 through 15 and each and every part thereof, with the same force and

effect as though set out in length herein.

17.    On or about March through November 2007, Plaintiffs were retained by

Defendants MAGOLNICK and MORA to render legal opinions in connection with

several transfers of restricted shares of common stock of MOBILE READY owned by

Defendants MAGOLNICK and MORA pursuant to Rule 144.

18.    In order to provide their legal opinions, Plaintiffs relied upon Defendants,

and each of them, to provide them with true, correct and complete information.

19.    Defendants, and each of them, informed Plaintiffs that MOBILE READY was in compliance with all respects to the adequate public information requirement of Rule 144 and Rule 15c2-11.

20.    In support of Defendants representation that the corporation, MOBILE READY, was in compliance with the adequate public information requirements under Rule 144, on or about April 4, 2007, Plaintiffs were provided with the Unanimous Consent. The Unanimous Consent provided in part:

> **"WHEREAS**, the Board of Directors of the Corporation has
> ensured that it is currently in compliance with all aspects of the
> "adequate public information" requirement of SEC Rule 144
> and 15C211, and that additional information is to be provided
> for investors through the company's corporate website."

The Unanimous Consent was executed by Defendant MAGOLNICK, as Director and by Defendant MORA, as Director. Defendants, however, knew that the above representation regarding compliance with "adequate public information" was in fact false.

21.    The Unanimous Consent provided by Defendants to Plaintiffs contained material facts essential to the Plaintiffs' analysis in determining whether to render their opinions regarding whether or not the transfer of restricted shares of common stock of MOBILE READY satisfied the requirements set forth in Rule 144.

7

22.    The information contained in the Unanimous Consent was false. Defendants, and each of them, intentionally and knowingly provided false information in the Unanimous Consent to Plaintiffs in order to mislead Plaintiffs into providing Defendants' transfer agent with legal opinions that the restrictive legend on their shares of common stock could be removed under Rule 144.

23.    Defendants, and each of them, intended to induce Plaintiffs to rely on the information provided by Defendants in the Unanimous Consent so that Plaintiffs would provide Defendants' transfer agent with legal opinions that the restrictive legends on their shares of common stock could be removed under Rule 144 clearing the way for the shares of common stock to be transferred.

24.    Plaintiffs reasonably relied on the Unanimous Consent provided by Defendants in Plaintiffs' analysis of determining if the transfer of restricted shares of common stock issued by MOBILE READY satisfied the requirements set forth in Rule 144.

25.    As a result of Plaintiffs' reliance on the false information provided by Defendants in the Unanimous Consent, Plaintiffs have become subject to an investigation and complaint filed by the Securities and Exchange Commission relating to the Rule 144 opinion letters Plaintiffs rendered for Defendants. Plaintiffs have been damaged in an amount to be proven at trial, but in excess $75,000.00 in, among other things, having to defend themselves against the claims made by the Securities and

8

Exchange Commission related to the opinion letters regarding the transfer of restricted shares of common stock of MOBILE READY.

26.   In doing the things alleged above, Defendants' acts were willful, wanton, malicious and oppressive, and these acts were undertaken with the intent to defraud. Defendants acted with conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## SECOND CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (Against All Defendants)

27.   Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 26 and each and every part thereof, with the same force and effect as though set out in length herein.

28.   On or about March through November 2007, Plaintiffs were retained by Defendants MAGOLNICK and MORA to render legal opinions in connection with several transfers of restricted shares of common stock of MOBILE READY owned by Defendants MAGOLNICK and MORA pursuant to Rule 144.

29.   In order to provide their legal opinions, Plaintiffs relied upon Defendants, and each of them, to provide them with true, correct and complete information.

9

30. Defendants, and each of them, informed Plaintiffs that MOBILE READY was in compliance with all respects of the adequate public information requirement of Rule 144 and Rule 15c2-11.

31. In support of Defendants representation that the corporation, MOBILE READY, was in compliance with the adequate public information requirements, on or about April 4, 2007, Plaintiffs were provided with the Unanimous Consent. The Unanimous Consent provided in part:

> **"WHEREAS**, the Board of Directors of the Corporation has
> ensured that it is currently in compliance with all aspects of the
> "adequate public information" requirement of SEC Rule 144
> and 15C211, and that additional information is to be provided
> for investors through the company's corporate website."

The Unanimous Consent was executed by Defendant MAGOLNICK, as Director and by Defendant MORA, as Director.

32. The information provided by Defendants, and each of them, to Plaintiffs in the Unanimous Consent was a material fact essential to the analysis undertaken by Plaintiffs in rendering their opinions regarding whether or not the transfer of restricted shares of common stock issued by MOBILE READY satisfied the requirements set forth in Rule 144.

33. Defendants, and each of them, made the false statement about "adequate public information" without any reasonable ground for believing it to be true.

10

34.    Defendants, and each of them, intended to induce Plaintiffs to rely on the information provided by Defendants in the Unanimous Consent so that Plaintiffs would provide Defendants' transfer agent with legal opinions that the restrictive legends on the shares of common stock could be transferred under Rule 144.

35.    Plaintiffs were justified in their reliance on the misrepresentations provided by Defendants in their analysis of determining whether the transfer of restricted shares of common stock issued by MOBILE READY satisfied the requirements set forth in Rule 144.

36.    As a result of Plaintiffs' reliance upon the false information provided by Defendants, Plaintiffs have become subject to an investigation and complaint filed by the Securities and Exchange Commission relating to the Rule 144 opinion letters Plaintiffs rendered for Defendants. Plaintiffs have been damaged in an amount to be proven at trial, but in excess $75,000.00, in having to defend themselves against the claims made by the Securities and Exchange Commission relating to the opinion letters regarding the transfer of restricted shares of common stock of MOBILE READY.

# THIRD CAUSE OF ACTION

## VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## SECTION 10(b) AND RULE 10b-5 PROMULGATED THEREUNDER

### (Against All Defendants)

37.     Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 36 and each and every part thereof, with the same force and effect as though set out in length herein.

38.     Defendants herein were involved in a fraudulent "pump and dump" stock scheme and the Securities and Exchange Commission has filed a complaint against the Defendants in Atlanta, Georgia for injunctive relief.

39.     Plaintiffs are informed and believe that in or about March 2007, shortly after issuance of press releases that had artificially inflated the value of the shares of MOBILE READY'S stock, Defendants MAGOLNICK and MORA began efforts to sell their holdings of MOBILE READY.

40.     Because Defendants MAGOLNICK and MORA'S shares of common stock in MOBILE READY were restricted and had not been registered with the Securities and Exchange Commission, Defendants MAGOLNICK and MORA sought to obtain exemptions from registration under and to transfer their shares of common stock of MOBILE READY pursuant to Rule 144.

41.     In order to obtain exemptions from registration, Defendants MAGOLNICK and MORA made a series of written representations to Plaintiffs and to Defendants'

12

Complaint

1  respective broker-dealers to qualify for the exemption from registration provided under
2  Rule 144.
3
4      42.    Defendants MAGOLNICK and MORA'S Rule 144 representations to
5  Plaintiffs contained multiple false statements, including, but not limited to, statements
6  that they were not affiliates of MOBILE READY and that MOBILE READY was a
7
8  reporting company current in its filing obligations to the Securities and Exchange
9  Commission (when in fact, MOBILE READY was a non-reporting company that had
10  never made any filings with the Commission).
11
12      43.    Defendants MAGOLNICK and MORA also falsely represented in their Rule
13  144 representations to Plaintiffs that they had beneficially owned the relevant shares of
14  MOBILE READY for at least one year, when in fact the restricted shares of common
15
16  stock had been acquired at the earliest in December 2006.
17      44.    Moreover, there was no adequate public information about MOBILE
18  READY either on file with the Securities and Exchange Commission, on demand from
19
20  market makers in MOBILE READY, or from any other public source, as was required
21  to meet the requirements set forth in Rule 144.
22
23      45.    Defendants, and each of them, knowingly, intentionally, and/or recklessly
24  engaged in the aforementioned devices, schemes, and artifices to defraud, made untrue
25  statements of material facts and omitted to state material facts, and engaged in
26  fraudulent acts, practices, and courses of business. In engaging in such conduct,
27
28

13

Defendants acted with scienter, that is, with an intention to deceive, manipulate, or defraud or with a severe reckless disregard for the truth.

46.    By reason of the foregoing, Defendants, and each of them, directly and indirectly violated Section 10(b) of the Securities and Exchange Act of 1934, as amended [15 U.S.C. §77j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] promulgated thereunder.

47.    By reason of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered damages in that Plaintiffs have become subject to an investigation and complaint filed by the Securities and Exchange Commission related to the Rule 144 opinion letters Plaintiffs provided for Defendants' transfer agent based on the false information provided by Defendants. Plaintiffs have been damaged in an amount to be proven at trial, but in excess $75,000.00, in having to defend themselves against the claims made by the Securities and Exchange Commission related to the opinion letters regarding the transfer of restricted shares of common stock of MOBILE READY.

## FOURTH CAUSE OF ACTION

### CIVIL CONSPIRACY

**(Against All Defendants)**

48.    Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 47 and each and every part thereof, with the same force and effect as though set out in length herein.

14

Complaint

49.     Plaintiffs ALBERT J. RASCH and KATHLEEN NOVINGER are both attorneys duly licensed to practice law in the State of California.

50.     Beginning on or about March 2007, Defendants MOGLNICK and MORA, willfully, knowingly, oppressively, and maliciously conspired and agreed among themselves to provide false and misleading information to Plaintiffs in order to obtain legal opinions from Plaintiffs regarding Defendants MAGOLNICK and MORA'S entitlement to rely on Rule 144 in order to have the transfer agent remove the restrictive legends from their shares of common stock of MOBILE READY so those shares could be sold to the public.

51.     Pursuant to such conspiracy and agreement, Plaintiffs have become subject to an investigation and complaint filed by the Securities and Exchange Commission regarding the legal opinions they provided for Defendants, and Plaintiffs have been restrained from further actions involving the Securities and Exchange Commission, including, without limitation, assistance to clients regarding filings with the Securities and Exchange Commission, public securities offerings, securities trading, providing advice regarding penny stocks, rendering opinions related to Rules 144 and 504 promulgated under the Securities Act of 1933, and other related matters that may come before the Securities and Exchange Commission.

52.     Plaintiffs are informed and believe and thereon allege that the last overt act in the above-described conspiracy occurred on or about April 4, 2007, on which date

Complaint

Defendants provided to Plaintiffs a Unanimous Consent of the Board of Directors of

MOBILE READY ENTERTAINMENT CORP., which stated in part:

> "**WHEREAS**, the Board of Directors of the Corporation has
>
> ensured that it is currently in compliance with all aspects of the
>
> "adequate public information" requirement of SEC Rule 144
>
> and 15C211, and that additional information is to be provided
>
> for investors through the company's corporate website."

The Unanimous Consent was executed by Defendant MAGOLNICK, as Director and

by Defendant MORA, as Director.

53.   As a proximate result of the above-described acts by Defendants, Plaintiffs

have been prevented from practicing before the Securities and Exchange Commission

and Plaintiff ALBERT J. RASCH who in addition to being an attorney has a Series 7

and 63 license and has been prevented and barred from being associated with a broker-

dealer for any action related to the sale and purchase of securities for his brokerage

clients even though this matter had nothing to do with transactions of securities of

these clients. He has also been denied the support he was receiving from his broker

dealer who had nothing to do with the current matter. This support included insurance

appointments, sales of annuities, continuing education, association with other brokers

and critical back office and marketing support. Plaintiffs have suffered the loss of

business and income in a sum to be determined according to proof at trial. In the 22

years Plaintiff ALBERT J. RASCH has been a General Securities Representative and

Complaint

under his Series 7 and 63 licenses, he has never had a complaint filed against him for any securities related matter or for any reason. Plaintiffs have suffered damage to their reputations and professional standings as a result of the allegations set forth in a legal complaint filed against them by the Securities and Exchange Commission resulting from Defendants' above-described acts.

54.   In doing the things alleged above, Defendants acts were willful, wanton, malicious and oppressive, and these acts were undertaken with the intent to defraud. Defendants acted with conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

**WHEREFORE,** Plaintiffs pray judgment against Defendants as follows:

1.   For compensatory damages;

2.   For consequential damages;

3.   For prejudgment interest on damages;

4.   For punitive damages;

5.   For costs of suit herein incurred; and

6.   For such other and further relief as the court may deem proper.

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury pursuant to Federal Rules of Civil

3

4  Procedure, Rule 38.

5                                    LAW OFFICES OF DARRYL C. SHEETZ

6      DATED: July 28, 2009

7

8                                    DARRYL C. SHEETZ
9                                    Attorney for Plaintiffs
10                                   ALBERT J. RASCH
                                     ALBERT J. RASCH & ASSOCIATES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

EXHIBIT "A"

**UNANIMOUS CONSENT**
**OF THE BOARD OF DIRECTORS OF**
**MOBILE READY ENTERTAINMENT CORP.**

On April 4, 2007, the Board of Directors of Mobile Ready Entertainment Corp. (the "Corporation"), a Delaware corporation, pursuant to the Delaware General Corporation Law do hereby consent in writing to the following actions:

**WHEREAS,** the Board of Directors of the Corporation has ensured that it is currently in compliance with all aspects of the "adequate public information" requirement of SEC Rule 144 and 15C211, and that additional information is to be provided for investors through the company's corporate websites;

**NOW THEREFORE,** the following is:

**RESOLVED,** that pursuant to Rule 144 resale requirements, Craig A. Mora and Michael Magolnick are allowed to register shares for sale, and;

**RESOLVED,** that Colonial Stock Transfer is authorized to complete the proposed 144 transaction for Craig A. Mora and Michael Magolnick in reliance upon this Unanimous Consent and the legal opinion of Albert Rasch & Associates as it relates to this proposed transaction; and

**RESOLVED,** that the officers of the Corporation hereby are, and each of them hereby is, authorized, for, and on behalf of, the Corporation, to execute, deliver, acknowledge and to take or cause to be done any and all such other actions as they, or any of them, may deem necessary or desirable to effectuate and carry out the foregoing resolutions.

**IN WITNESS WHEREOF,** the undersigned have executed this consent effective as of the 4th day of April 2007.

MOBILE READY ENTERTAINMENT CORP.

_/s/ Michael Magolnick_
Michael Magolnick, Director

_/s/ Craig A. Mora_
Craig A. Mora, Director

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### CV09- 5556 PSG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Darryl C. Sheetz, SBN 098604
Law Offices of Darryl C. Sheetz
335 Centennial Way, Suite 100
Tustin, CA 92780
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ALBERT J. RASCH, ALBERT J. RASCH & ASSOCIATES, and KATHLEEN NOVINGER, PLAINTIFF(S) | CASE NUMBER CV09-5556 PSG(ANX) |
|---|---|
| v. MOBILE READY ENTERTAINMENT CORP., MICHAEL H. MAGOLNICK, and CRAIG A. MORA DEFENDANT(S). | SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Darryl C. Sheetz_____, whose address is _335 Centennial Way, Suite 100, Tustin, CA 92780_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 29 2009__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Albert J. Rasch
Albert J. Rasch & Associates
Kathleen Novinger

**DEFENDANTS**
Mobile Ready Entertainment Corp
Michael H. Magolnick
Craig A. Mora

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Darryl C. Sheetz, SBN 098604
Law Offices of Darryl C. Sheetz
335 Centennial Way, Suite 100, Tustin, CA 92780, (949) 553-0300

Attorneys (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT.   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 28, United States Code, section 1332(a)(1). The amount in controversy exceeds $75,000, and is between citizens of different states.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 370 Other Fraud | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 371 Truth in Lending | ☐ 530 General |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 365 Property Damage Product Liability | ☐ 540 Mandamus/Other |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture |
| ☑ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 820 Copyrights |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | ☐ 830 Patent |
| | | | | ☐ 840 Trademark |
| | | | | ☐ 861 HIA (1395ff) |
| | | | | ☐ 862 Black Lung (923) |
| | | | | ☐ 863 DIWC/DIWW (405(g)) |
| | | | | ☐ 864 SSID Title XVI |
| | | | | ☐ 865 RSI (405(g)) |
| | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| | | | | ☐ 740 Railway Labor Act |
| | | | | ☐ 790 Other Labor Litigation |
| | | | | ☐ 791 Empl. Ret. Inc. Security Act |
| | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____   **CV09-5556 PSG(ANX)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Albert J. Rasch - Orange County<br>Kathleen Novinger - Orange County<br>Albert J. Rasch & Associates - Principal place of business Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Mobile Rready Entertainment Corp. - State of Georgia<br>Michael H. Mogolnick - State of Georgia<br>Craig A. Mora - State of Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District: | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Fraud, Negligent Misrepresentation, Violation of Securities and Exchange Act, and Civil Conspiracy - all arose in Orange County, California | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Samyl C. Sheeh_     Date _July 28, 2009_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |